NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

SHIDAN DAHNAD, *Appellant.*

No. 1 CA-CR 22-0286
FILED 3-23-2023

---

Appeal from the Superior Court in Maricopa County
No. CR2003-018000-001
The Honorable Patricia A. Starr, Judge

**DISMISSED**

---

COUNSEL

Arizona Attorney General's Office, Tucson
By Diane Leigh Hunt
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Amy E. Bain
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Jennifer M. Perkins and Judge Angela K. Paton joined.

---

**W I L L I A M S**, Judge:

**¶1** Shidan Dahnad appeals the trial court's denial of his motion to restore early release credits and request for release from custody. Because we lack jurisdiction over the appeal, we dismiss.

## FACTUAL AND PROCEDURAL HISTORY

**¶2** In 2006, Dahnad was convicted of two counts of child molestation, both class 2 felonies and dangerous crimes against children. The trial court sentenced Dahnad under the dangerous crimes against children sentencing range to presumptive terms of seventeen years imprisonment on both counts to run concurrently. A.R.S. § 13-604.01(D) (2003). At the sentencing hearing, the court first told Dahnad he was eligible for early release, but then corrected itself and explained Dahnad was required to serve his sentences day for day:

> [I]t's the judgment of the Court as to both Counts 1 and 2, that Mr. Dahnad be imprisoned in the Arizona Department of Corrections for the presumptive terms of 17 years to date from today's date.
>
> . . .
>
> It's further ordered that the defendant serve a term of community supervision, equal to one-seventh of the prison term imposed to be served after that term of imprisonment.
>
> This is really surplusage because actually the defendant will have to serve all of the time to which he has been sentenced.

**¶3** The court's confinement order correctly listed counts 1 and 2 as class 2 felonies, but the sentencing order mistakenly listed both counts as class 3 felonies. That was the only error in the sentencing order, which correctly identified both counts as (1) completed offenses, rather than attempted offenses, and (2) dangerous crimes against children.

¶4        The Arizona Department of Corrections ("ADC") apparently treated Dahnad as an offender who was eligible for early release and calculated his early release date as May 3, 2021. Dahnad contends he participated in ADC programs and maintained adequate behavior to earn early release credits in reliance on ADC's calculation.

¶5        In 2021, fifteen years after sentencing, the State moved the trial court to correct the sentencing order to reflect Dahnad's convictions for class 2 felonies rather than class 3. The court issued an order *nunc pro tunc* making the correction. ADC notified Dahnad he was not eligible for early release and that his release date was now October 3, 2023.

¶6        In 2022, Dahnad moved the trial court to restore his early release credits and requested he be released from custody immediately. Dahnad argued the court's sentencing order designating his offenses as class 3 felonies was "binding." The court denied Dahnad's motion, concluding that "everything in the record demonstrate[d] that the designation in the sentencing minute entry was simply a clerical error."

¶7        Dahnad appeals. If the trial court's *nunc pro tunc* order affected Dahnad's "substantial rights," we have jurisdiction to hear the appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 13-4033(A)(3). Otherwise, we lack jurisdiction. *See* A.R.S. § 13-4033.

## DISCUSSION

¶8        A trial court generally may correct an unlawful sentence so long as it does so within sixty days of sentencing. Ariz. R. Crim. P. 24.3(a). However, a trial court may correct clerical errors in a sentencing order "at any time." Ariz. R. Crim. P. 24.4. Dahnad argues the *nunc pro tunc* order was not clerical, but instead affected his substantive rights by reclassifying his offenses from class 3 felonies to class 2 felonies. We disagree.

¶9        The purpose of a *nunc pro tunc* order "is to record now for then an order *actually* made . . . which through some oversight or inadvertence was . . . incorrectly entered." *Shinn v. Ariz. Bd. of Exec. Clemency*, 521 P.3d 997, 1002, ¶ 17 (Ariz. 2022) (citations omitted). A *nunc pro tunc* order is limited to correcting clerical errors within an order to reflect the actual facts found within the record, and not to reflect unexpressed intentions of the court. *Id.* at 1003, ¶ 22.

¶10        The record clearly shows the trial court expressly intended to sentence Dahnad for class 2 felonies. The court stated that Dahnad was being sentenced as "set forth in the indictment." The indictment listed both

3

child molestation charges Dahnad was convicted of as class 2 felonies. The court's confinement order also correctly categorized the offenses as class 2 felonies. And the court's reference to presumptive terms of seventeen years imprisonment also aligns with class 2 (not class 3) felony designations that were dangerous crimes against children.

¶11      Dahnad's eligibility for early release depended upon whether he *attempted*, rather than *completed*, a dangerous crime against children, not the class of felony. A.R.S. § 13–604.01(G) (2003) ("[A] person sentenced for a dangerous crime against children in the first degree . . . is not eligible for . . . [early] release . . . .); A.R.S. § 13–604.01(L)(1) (2003) ("A dangerous crime against children is in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense.") And though the trial court referenced early release during Dahnad's sentencing hearing, the court immediately clarified that Dahnad was required to "serve all of the time to which he [was] sentenced."

¶12      On this record, it is clear the trial court sentenced Dahnad for class 2 felonies, both of which were (1) dangerous crimes against children and (2) made Dahnad ineligible for early release. The court's *nunc pro tunc* order was clerical under Rule 24.4 and did not affect Dahnad's substantial rights.

## CONCLUSION

¶13      For the foregoing reasons, we dismiss for lack of jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED: AA